**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Sabrina Burch, individually and on behalf of all others similarly situated,

                            Plaintiff,        Case No:

           vs.                             **CLASS ACTION COMPLAINT**

TrueAccord Corp. and LVNV Funding, LLC,        JURY TRIAL DEMANDED

                         Defendants.

---------------------------------------------------------------------/

Sabrina Burch, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against TrueAccord Corp. and LVNV Funding, LLC (hereinafter referred to as "*Defendants*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of Florida.

## PARTIES

5. Plaintiff Sabrina Burch is an individual who is a citizen of the State of Florida residing in Duval County, Florida.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant TrueAccord Corp., is a California Corporation with a principal place of business in San Francisco County, California.

9. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

10. On information and belief, Defendant TrueAccord Corp. regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant LVNV Funding, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant TrueAccord Corp. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant LVNV Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant TrueAccord Corp.'s business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant LVNV Funding, LLC's business is the collection of such debts.

16. On information and belief, Defendant TrueAccord Corp. uses the mails in its debt collection business.

17. On information and belief, Defendant LVNV Funding, LLC uses the mails in its debt collection business.

18. Defendant TrueAccord Corp. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

20. Defendants allege Plaintiff owes a debt ("the alleged Debt").

21. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. The alleged Debt does not arise from any business enterprise of Plaintiff.

23. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

25. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

26. In its efforts to collect the alleged Debt, Defendants contacted Plaintiff by email ("the Email") dated March 2, 2020. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

27. In its efforts to collect the alleged Debt, Defendants again contacted Plaintiff by an additional email ("the Additional Email") dated March 13, 2020. (A true and accurate copy is annexed hereto as **"Exhibit 2."**)

28. The Emails conveyed information regarding the alleged Debt.

29. The Emails are "communications" as defined by 15 U.S.C. § 1692a(2).

30. The Emails were received and read by Plaintiff.

31. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

32. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

34. 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. The Email states, "At this time, no attorney has personally reviewed the particular circumstances of your account. However, if you fail to contact us about this account it will be returned to our client who then may forward it to a local attorney for the purposes of filing suit. We'd like to avoid this, and find a way to work together. **Learn More**"

36. Defendants sent Plaintiff the Additional Email on March 13, 2020, again threatening legal review and stating, "At this time, no attorney has personally reviewed the particular circumstances of your account. However, if you fail to contact us about this account it will be returned to our client who then may forward it to a local attorney for the purposes of filing suit. We'd like to avoid this, and find a way to work together. **Learn More"**

37. Defendants did not forward Plaintiff's account to an attorney, as stated in the Emails.

38. Defendants never intended to forward Plaintiff's account to an attorney, as stated in the Emails.

39. Defendants' conduct is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

40. Defendants' conduct is a threat to take any action that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

41. Defendants' conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

42. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e 1692e(5), 1692e(10) and are liable to Plaintiff therefor.

### CLASS ALLEGATIONS

43. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Florida.

44. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

45. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

4

46. The Class consists of more than thirty-five persons.

47. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

49. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

5

   f. Grant Plaintiff's costs; together with

   g. Such other relief that the Court determines is just and proper.

DATED: April 7, 2020

          **BARSHAY SANDERS, PLLC**

          By: _/s/ *Craig B. Sanders*
          Craig B. Sanders, Esquire
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 119207